UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>DREW YIM, et al.,<br><br>    Defendants. | CASE NO. CR11-131MJP<br><br>ORDER GRANTING MOTION FOR BILL OF PARTICULARS |

This matter comes before the Court on Defendant Drew Yim's motion for a bill of particulars in which Defendant Svetlana Yim has joined. (Dkt. Nos. 351, 352, 381.) Having reviewed the motion, the government's response (Dkt. No. 402), the reply (Dkt. No. 414), and all related papers, the Court GRANTS the motion.

**Analysis**

Defendant Yim has asked for a bill of particulars as to Count 5 in the Second Superseding Indictment, which charges him with conspiracy to engage in money laundering for an unspecified duration. (Dkt. No. 352 at 1.)

Pursuant to Federal Rule of Criminal Procedure 7(f), the Court may direct the filing of bill of particulars. The Ninth Circuit has explained that the purposes of the bill of particulars are threefold: "[T]o inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague, and indefinite for such purposes." Untied States v. Ayers, 924 F.2d 1468, 1483 (9th Cir. 1991) (quotation omitted).

As to Count 5, the Court finds a bill of particulars must be provided to specify the duration of the conspiracy and the financial transactions that are part of the charge. Count 5 is a complex charge whose unspecified duration presents Defendants with the task of sorting through an enormous volume of information. To avoid surprise and to assist Defendants in focusing on the conduct that is the basis for Count 5, the Court finds that a bill of particulars is needed. This will assist both sides to give some clarity to the facts at issue in this Count, and to sort out what should included and what should be eliminated. The Court thus orders the government to produce a bill of particulars specifying when the conspiracy began and which financial transactions allegedly constitute money laundering in violation of 18 U.S.C. § 1956(a)(1). The government is to provide the bill of particulars within 14 days of entry of this order.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 16th day of December, 2011.

Marsha J. Pechman
United States District Judge